## NATIONAL LABOR RELATIONS BOARD v. OKLAHOMA TRANSP. CO.

### No. 10826.

Circuit Court of Appeals, Fifth Circuit.

Feb. 8, 1944.

Robert B. Watts, Gen. Counsel, NLRB, Howard Lichtenstein, Asst. Gen. Counsel, NLRB, and LeRoy Marceau, Senior Atty., NLRB, all of Washington, D. C., for petitioner.

Karl H. Mueller, of Fort Worth, Tex., for respondent.

Before HUTCHESON, McCORD, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

This is another of that large body of cases in which, though the grounds the employer gave for the discharge of an employee in fact existed, and in themselves were not unreasonable, the Board, taking into account as well the manner of the discharge and the background evidence showing union antipathy, has found that they were not the real reason but the pretext for the discharge. The question presented here then is whether, as respondent claims, the inference, that the reason given for the discharge was the real reason, was demanded, or whether, as the Board claims, the inference it drew was permissible, that is, could reasonably have been drawn by reasonable and fair minds which were without bias in favor of one finding or the other.

In another proceeding involving the same respondent[1] in which we sustained the Board's finding that a discharge for the same cause given here, the failure of a driver to file reports, was discriminatory, we had occasion to state the principle and cite the supporting authorities controlling here. It is sufficient for this case to inquire whether within that principle, reasonable minds could conclude that the grounds assigned for the discharge of Rogers here were, as it was found they were in the other case as to Fitzgerald. mere pretexts, that the real grounds were to discourage or make reprisals for union activities.

The respondent, urging upon us that Rogers' case is not like Fitzgerald's, that the discharge here occurred only after repeated breaches of the rule for filing trip reports, while there it occurred promptly upon the first breach, insists that to sustain the Board's order here would be in effect to transfer to it complete supervision and control of respondent's business, taking that control out of its hands, a thing which this court and other courts have repeatedly declared the act does not permit the Board to do.

The Board, on its part, points to the fact that the "grounding" of Rogers, that is, taking him off his line, followed in four days by his discharge, occurred only shortly after he had testified in the prior proceeding in support of the charge that the real ground for discharging Fitzgerald was not for failure to file trip reports but for his union activity. It points to the fact too that of all the employees who had been guilty of violating the rule, only Fitzgerald and Rogers had been discharged for breaching it, and that others, not members of the union, had, after Rogers' dismissal, been forgiven for breach of the rule and retained. It insists that all of these facts, taken in connection with the clearly established and found background of real union antipathy, amply support its finding that it was this, and not the failure to file the report, which caused the action against Rogers.

■ We agree with respondent's contention that the evidence establishes beyond dispute that the rule for filing reports was

[1] Oklahoma Transportation Co. v. National Labor Relations Board, 5 Cir., 136 F.2d 42.

a reasonable one, was made for the purpose of being obeyed, and nothing else appearing, Rogers' deliquency in respect of it must have been accepted as the ground for the discharge.[2] But this is by no means all that appeared. There were also the vigorous, indeed, almost punitive, action of Hill, in breaking Rogers' trip in the middle, and the persistency with which he stuck to his determination, refusing to accept Rogers' explanations and allow him another chance, all affording a basis for the finding if they did not plainly show, that he did all this with a predetermined purpose to make effective use of the ground he thought he had to get rid of Rogers. In the light of these and other facts on which the Board relies, we think we may not find unreasonable its deliberately stated conclusion that it was not the breach of the rule but the activities of Rogers in behalf of, and his relation to, the union that really caused his discharge. In Texas & N. O. Ry. Co. v. Brotherhood of Ry. & S. S. Clerks, 281 U.S. 548, 558, 50 S.Ct. 427, 429, 74 L.Ed. 1034, the Supreme Court said: "Both the District Court and the Circuit Court of Appeals approached the consideration of the evidence as to intimidation and coercion, and resolved such conflicts as the evidence presented, in the light of the demonstration that a strong motive existed on the part of the Railroad Company. * * * Motive is a persuasive interpreter of equivocal conduct, and the petitioners are not entitled to complain because their activities were viewed in the light of manifest interest and purpose. The most that can be said in favor of the petitioners on the questions of fact is that the evidence permits conflicting inferences, and this is not enough."

In Agwilines, Inc., v. National Labor Relations Board, 5 Cir., 87 F.2d 146, 151, we said: "It was therefore for the Board, where the evidence offered a reasonable choice, to draw its own inferences and conclusions. If the evidence reasonably admitted of the conclusions they drew, we are bound by them. We may not, by substituting our own conclusions for the ones they drew, reverse theirs unless those conclusions are clearly improper, that is, the evidence affords no reasonable basis for them."

And further: "We think it may not complain if, in the light of its determined opposition, the Board concluded, as was done in the Brotherhood Case, that where action is equivocal, and one of two causes may have induced it, the causa causans is to be found in the deepseated and determined opposition to the rule of the statute, and not to another cause, which under other circumstances has not in the past had such weight."

This, of course, does not mean, as we have pointed out in numerous cases, that the Board can, without evidence to support it, find merely because of a background of hostility that an action was discriminatory when it in fact was not. It does mean, however, that when, as here, the evidence will support either inference, we may not overthrow the one the Board drew. The petition for enforcement is granted.

---

[2] National Labor Relations Board v. Riverside, 5 Cir., 119 F.2d 302; National Labor Relations Board v. Tex-O-Kan Flour Mills, 5 Cir., 122 F.2d 433.